UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| CASTLETON SQUARE, LLC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) 1:14-cv-01189-RLY-DML |
| | ) |
| SHOPPERTRAK RCT CORPORATION, | ) |
| | ) |
| Defendant. | ) |

**ENTRY ON PLAINTIFF'S MOTION FOR REMAND AND FOR AN AWARD OF COSTS, EXPENSES, AND ATTORNEYS' FEES PURSUANT TO 28 U.S.C. § 1447**

Plaintiff, Castleton Square, LLC, moves to remand the present action against ShopperTrak RCT Corporation because the parties are not completely diverse. Castleton Square also seeks an award of costs, expenses, and attorneys' fees pursuant to 28 U.S.C. § 1447. For the reasons set forth below, the court **GRANTS** Plaintiff's motion to remand, and **DENIES** Plaintiff's motion for an award of costs, expenses, and attorneys' fees.

**I.     Background**

On June 25, 2014, Castleton Square filed a Complaint for Permanent Injunction and Disgorgement against ShopperTrak, alleging that it was producing unauthorized retail traffic reports on its mall premises. On the face of the Complaint, Castleton Square alleged that it and ShopperTrak were citizens of different states. Specifically, the Complaint alleged that Castleton Square is a Delaware limited liability company with its

1

principal place of business in Indianapolis, Indiana; and that ShopperTrak is an Illinois corporation with its principal place of business in Chicago, Illinois.

Before removing the Complaint to this court, ShopperTrak obtained the 2013 Form 10-K for Castleton Square's ultimate parent, Simon Property Group, Inc. That document indicated that Simon Property Group, Inc. was a publicly held Delaware corporation that owned and operated Castleton Square through its operating subsidiary, Simon Property Group, L.P. (Declaration of Michael H. Margolis ¶ 4). Neither the Form 10-K nor Simon Property Group, L.P.'s Form 10-K provide further information about the citizenship of the Simon Property Group, L.P., except to indicate that it was a Delaware limited partnership with its principal place of business in Indiana. (*Id*. ¶ 5). On July 17, 2014, ShopperTrak removed this case on the basis of diversity of citizenship.

Counsel for the parties then exchanged a series of emails, the first of which was sent the day after removal by Castleton Square. In the email, counsel for Castleton Square informed counsel for ShopperTrak that the only member of Castleton Square, LLC is Simon Property Group, L.P.[1] and that "there are a significant number of unit holders of Simon Property Group, L.P. who receive dividend checks in Illinois" and "are likely to be residents of Illinois." (*Id.*). On July 21, counsel for ShopperTrak responded that "Plaintiff [Castleton Square] is in the best position to furnish this information" since "the facts relating to the citizenship of plaintiff are solely in plaintiff's knowledge – i.e.,

---

[1] Castleton Square also challenged the amount-in-controversy requirement. In the interest of brevity and because it does not change the court's analysis, the court focuses only on the issue of whether the parties are of diverse citizenship.

that the sole shareholder of plaintiff is an LP and the citizenship of the various limited partners of the LP." (Plaintiff's Ex. C). Counsel stated that "[i]f you have evidence that as a matter of fact any of the limited partners of Simon Property Group, L.P. are citizens of Illinois," he would be "happy to review that information and respond as appropriate, in the context of all pertinent facts and circumstances." (*Id.*).

In an email dated July 24, counsel for Castleton Square provided the names of two purported unit holders of Simon Property Group, L.P., but did not provide any support for this information as requested by ShopperTrak. (Plaintiff's Ex. D). Counsel also stated that "we will seek from ShopperTrak our costs and expenses, including attorneys' fees, for any further time spent on this issue." (*Id.*).

The following day, counsel for ShopperTrak asked again for the information. (Plaintiff's Ex. E). Counsel for Castleton Square responded that ShopperTrak was "in as good of a position to investigate whether these are in fact Illinois citizens as we are, and it is your duty, as the removing party, to undertake that investigation, not ours." (Plaintiff's Ex. F). Counsel ended the email by noting that Castleton Square would be filing a motion to remand. (*Id.*).

On July 31, counsel for ShopperTrak informed counsel for Castleton Square that "if the facts are as you suggest, we will concede the diversity issue and remand to state court, and there will be no need for you to file a motion." (Plaintiff's Ex. G). Counsel again asked for the evidence of the unit holders' citizenship because "we do not believe those facts can be gleaned publicly." (*Id.*).

On August 11, 2014, after the close of business, counsel for Castleton Square provided ShopperTrak with a declaration of the corporate secretary and general counsel of Simon Property Group, L.P. and Simon Property Group, Inc., who swore that the two previously identified examples were in fact: (1) unit holders of Simon Property Group, L.P. and (2) had received dividend checks in Illinois. (Defendant's Ex. 3 at 1). Shortly thereafter, ShopperTrak's counsel wrote to Castleton Square's counsel that "[a]s we previously noted, we will now concede the issue of removal and file an immediate motion for remand." (Defendant's Ex. 4). Castleton Square nonetheless filed the present motion that same day.

## II. Discussion

"The citizenship of a limited liability company is that of its members, and its members may include partnerships, corporations, and other entities that have multiple citizenships." *Hicklin Eng'g, L.C. v. Bartell*, 439 F.3d 346, 347 (7th Cir. 2006) (citations omitted). Therefore, in determining whether parties are diverse, the court "needs to know each member's citizenship, and if necessary each member's members' citizenships." *Id*. at 348. Here, at least two of the unit holders of Simon Property Group, L.P., were Illinois residents. Because ShopperTrak is also an Illinois resident, both parties agree that this case should be remanded. The disputed issue briefed by the parties is whether Castleton Square is entitled to its costs, expenses, and reasonable attorneys' fees pursuant to 28 U.S.C. § 1447.

Section 1447 of Title 28 provides: "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a

4

result of the removal." In *Martin v. Franklin Capital Corp.*, 546 U.S. 132 (2005), the Supreme Court resolved a circuit split over the correct standard for awarding attorneys' fees under § 1447(c), and "held that plaintiffs are entitled to attorneys' fees under § 1447(c) only if the defendant 'lacked an objectively reasonable basis for seeking removal.'" *Lott v. Pfizer, Inc.*, 492 F.3d 789, 793 (7th Cir. 2007) (quoting *Martin*, 546 U.S. at 141).

The court cannot find the removal here objectively unreasonable. Castleton Square's own Complaint indicated that it was a Delaware limited liability company with its principle place of business in Indiana. ShopperTrak researched the ownership of Castleton Square and ultimately found Simon Property Group, Inc.'s Form 10-K. That document stated that Simon Property Group, L.P. is Simon Property Group, Inc.'s "majority owned partnership subsidiary that owns all of [Simon Property Group, Inc.'s] real estate properties and other assets," which includes Castleton Square. Notably, the document does not provide the residency of Simon Property Group, L.P.'s unit holders.

Castleton Square insists that ShopperTrak should have found the information set forth in the subject declaration before removal, and could have found that information with a little due diligence. Yet, Castleton Square has not pointed to any publicly available information regarding the unit holders of Simon Property Group, L.P. This is not the first time a party has tried to discover the citizenship of the Simon entities. *See Circle Centre Mall LLC v. Zurich Am. Ins. Co.*, 1:14-cv-1160-JMS-MJD, Filing No. 24 (S.D. Ind. July 28, 2014) (noting that the defendants were also unable to confirm through public filings the details of Simon Property Group, Inc.'s corporate structure for purposes

5

of diversity jurisdiction). Indeed, in its Memorandum in Support of the present motion, Castleton Square conceded that "Simon Property Group, L.P.'s records do not reflect the citizenship of its unit holders, but instead where dividend checks are to be sent." (Memorandum in Support at 4, note 2). Accordingly, the court finds ShopperTrak conducted an objectively reasonable investigation as to the citizenship of Simon Property, Inc. and Simon Property, L.P. before removal.

As a final note, the court cannot help but wonder why this motion was filed in the first place. Counsel for ShopperTrak informed counsel for Castleton Square that, if it could confirm that complete diversity was lacking, ShopperTrak would move to remand the case. On August 11, after receiving the subject declaration regarding the citizenship of the two previously identified unit holders of Simon Property Group, L.P., ShopperTrak informed Castleton Square that it would move to remand the case. Castleton Square filed the motion anyway. Any expenses, costs, and attorneys' fees incurred by Castleton Square are the product of its own making. Castleton Square's motion for expenses, costs, and attorneys' fees is therefore **DENIED**.

### III. Conclusion

Castleton Square's Motion for Remand and for an Award of Costs, Expenses, and Attorneys' Fees Pursuant to 28 U.S.C. § 1447(c) (Filing No. 15) is **GRANTED in part** and **DENIED in part**. Specifically, the Motion for Remand is **GRANTED**, and the Motion for an Award of Costs, Expenses, and Attorneys' Fees is **DENIED**. The Clerk is hereby **ORDERED to REMAND** this case to the Marion Superior Court. This case is closed.

**SO ORDERED** this 20th day of October 2014.

_____
RICHARD L. YOUNG, CHIEF JUDGE
United States District Court
Southern District of Indiana

Distributed Electronically to Registered Counsel of Record.